10-701-cv
Zerilli-Edelglass v. N.Y.C. Transit

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
ROGER J. MINER,
DENNY CHIN,
            <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -x

TERESA ZERILLI-EDELGLASS,

     <u>Plaintiff-Appellant</u>,

     -v.-                    10-701-cv

NEW YORK CITY TRANSIT, MABSTOA,

     <u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    TERESA ZERILLI-EDELGLASS, pro <u>se</u>, Jackson, New Jersey.

FOR DEFENDANTS-APPELLEES:    RICHARD SCHOOLMAN (Kristen M. Nolan, <u>on the brief</u>), Office of the General Counsel, New York City Transit Authority, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gershon, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Pro se plaintiff-appellant Teresa Zerilli-Edelglass appeals from a judgment entered February 2, 2010 in the district court granting summary judgment to defendants-appellees and dismissing her gender and disability discrimination claims and retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-17 ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111-17 ("ADA").  We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

We review an order granting summary judgment de novo, and affirm only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Anemone v. Metro. Transp. Auth., 629 F.3d 97, 113 (2d Cir. 2011).  In determining whether genuine issues of material fact exist, we must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (quotation marks omitted).  "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."  Davis v. State of New York, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent review of the record in light of these principles, we affirm the district court's judgment for substantially the reasons stated by the district court in its thorough and well-reasoned decision.

-2-

        We have considered appellant's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the district court is hereby **AFFIRMED**.  It is further **ORDERED** that appellees' motion to strike portions of plaintiff-appellant's appendix is **GRANTED** on the ground that documents that are not part of the record in the district court are not properly before this Court.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk